**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Donald McDavid, | CV-11-05596 ODW (AJWx) |
| Plaintiff, | Order **DENYING** Plaintiff's Application for Temporary Restraining Order [1] [Filed 07/07/11] |
| v. | |
| Wells Fargo Bank, N.A., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Donald McDavid's ("Plaintiff") Application for Temporary Restraining Order filed on July 7, 2011 ("Application") against Defendants Wells Fargo Bank, N.A. and Fidelity National Title Insurance Company (collectively, "Defendants"). The Court finds this Application appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the Court **DENIES** Plaintiff's Application.

Plaintiff alleges that Defendant Fidelity National Title Insurance Company ("Fidelity") through its agent, Mortgage Electronic Registration Systems ("MERS"), instituted a non-judicial foreclosure proceeding as to the Plaintiff's property located at

419 E. Mountain Street, Glendale, CA 91207 (the "Property"). Plaintiff, however, alleges that MERS did not have any interest in the mortgage of the Property, and as such, Defendant Fidelity did not have standing to institute the foreclosure sale. Plaintiff brought the instant action against Defendants alleging: (1) violation of the Consumer Protection Act; (2) violation of the Truth in Lending Act ("TILA'); (3) fraud; and (4) breach of fiduciary duty.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (applying same standard for a preliminary injunction). A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). In the Ninth Circuit, a preliminary injunction is also appropriate if the plaintiff can show that "serious questions going to the merits were raised and the balance of hardship tips sharply towards the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010) (holding that the sliding scale test remains viable so long as plaintiff can satisfy other factors contained in *Winter*) (citation omitted).

Plaintiff argues that the Court should enter an order cancelling the foreclosure sale because Defendant Fidelity has not demonstrated a sufficient personal stake in the matter and does not have legal standing to institute the foreclosure sale of the Property. As such, Plaintiff argues that Defendant Fidelity has not suffered an actual or threatened injury as a consequence of any default. However, Plaintiff has failed to demonstrate that MERS did not have an interest in Plaintiff's mortgage of the Property and that Defendant Fidelity did not have the authority to institute a foreclosure sale. Moreover, Plaintiff has failed to demonstrate the likelihood of success on Plaintiff's claims based on the Consumer Protection Act; TILA, Fraud; and breach of fiduciary duty.

Accordingly, the Court **DENIES** Plaintiff's Application for Temporary Restraining Order.

**IT IS SO ORDERED**.

August 19, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE