**O**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD L. MCDAVID,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY,<br><br>Defendants. | Case No. CV 11-05596- ODW (AJW)<br><br>Order **GRANTING** Defendant's Motion to Dismiss [10] [Filed 08/18/11] and **GRANTING** Defendant's Motion to Expunge [11] [Filed 08/18/11] and **VACATING** Hearing Thereon |

## I. INTRODUCTION

Pending before the Court are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") two concurrently-filed Motions: (1) a Motion to Dismiss Plaintiff, Donald L. McDavid's ("Plaintiff") Complaint, and (2) a Motion to Strike/Expunge the Lis Pendens. (Dkt. Nos. 10, 11.) Plaintiff failed to timely oppose the Motions, which may be deemed consent to the granting of the Motions. *See* L.R. 7-9; L.R 7-12. Nevertheless, the Court has considered Defendant's arguments in support, and for the reasons discussed in the papers, hereby **GRANTS** both the Motion to Dismiss and the Motion to Expunge. The September 26, 2011 hearing on the matters is **VACATED** and no appearances are necessary.

## II. BACKGROUND

On August 11, 2006, to purchase the real property located at 419 E. Mountain Street, Glendale, CA 91207 (the "Property"), Plaintiff, who is a permanent resident of California, executed a loan in the amount of $400,000 (the "Loan"). (Def.'s Request for Judicial Notice ("RJN"), Exh. 1;[1] Compl. ¶ 1). The Deed of Trust securing the Loan identifies Wells Fargo as the lender, and Fidelity National Title Insurance Company ("Fidelity"), who is a California corporation with its principal place of business in California, as the trustee.[2] (RJN, Exh. 1; RJN, Exh. 6).

On March 18, 2011, due to Plaintiff's default on the Loan in the amount of $11,956.67, Fidelity recorded a Notice of Default. (RJN, Exh. 2). Thereafter, on July 18, 2011, Fidelity foreclosed on the Property. (Compl. ¶ 9). The Property was subsequently sold to Yeganeh Property Group LLC. (RJN, Exh. 5).

In light of the foregoing events, Plaintiff initiated this action for injunctive relief, accounting, monetary relief, and full disclosure. Wells Fargo now brings the instant Motion to Dismiss and Motion to Expunge.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus, "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Couch v. Telescope, Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). A court is required,

---

[1] In support of its Motions, Wells Fargo requests that this Court take judicial notice of several documents, all of which are public records. When considering a motion to dismiss, a court may take judicial notice of documents that are matters of public record, provided those documents fall within the purview of the Federal Rules of Evidence 201 ("Rule 201"). *Lee v. City of Los Angeles*, 250 F.3d 668, 688-9 (9th Cir. 2001). Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While such undisputed "matters of public record" are subject to judicial notice on a motion to dismiss, disputed facts stated in those public records are not, *i.e.*, a court may not make a determination of the validity or truth of disputed facts on a motion to dismiss, regardless of whether those facts are contained in a public record. *See Lee*, 250 F.3d at 689; *Hunt v. Rodriguez*, No. CIV S-06-0141 MCE GGH P., 2009 WL 173070, at * 3 (E.D. Cal. Jan. 26, 2009). In light of the foregoing legal standards, the Court takes judicial notice as far as it considers each document in its reasoning as set forth below.

[2] Fidelity has not joined in the instant Motion.

either by a motion or *sua sponte*, to dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1193 (2010). Furthermore, "[f]ederal courts must determine they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Munoz v. Mabus*, 630 F.3d 856 (9th Cir. 2010).

Despite the favorable standard generally applied in a motion to dismiss, the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1154 (9th Cir. 2010). However, when considering a Rule 12(b)(1) motion, a court accepts the allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## IV. DISCUSSION

Wells Fargo moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Additionally, Wells Fargo moves to expunge the Lis Pendens recorded in connection with this action. The Court addresses each in turn.

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CASE

Pursuant to 28 U.S.C. § 1332, a federal court has diversity jurisdiction over a case if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Additionally, pursuant to 28 U.S.C. § 1331, a federal court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

Here, Plaintiff is a resident of California and Fidelity is a California corporation with its principal place of business in California. (*See* Compl. ¶ 1; RJN, Exh. 1; RJN, Exh. 6). Consequently, complete diversity of citizenship is lacking. Furthermore, Plaintiff alleges claims for injunctive relief, accounting, monetary relief, and full disclosure. Because none of these claims present a federal question, jurisdiction pursuant to 28 U.S.C. § 1331 is lacking. Accordingly, the Court lacks subject matter jurisdiction over this case and **GRANTS** Wells Fargo's Motion to Dismiss.

### B.   MOTION TO EXPUNGE LIS PENDENS

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting right or title to possession of the real property described in the notice." *Pedersen v. Greenpoint Mortgage Funding, Inc.*, No. S–11–0642 KJM EFB, 2011 WL 3818560, at * 22 (E.D. Cal. Aug. 29, 2011). Under California law, a lis pendens may be expunged on either of two grounds: (1) the pleading on which the lis pendens is based does not contain a real property claim, or (2) the claimant has not shown a probable validity of the claim by a preponderance of the evidence. Cal. Civ. Proc. Code §§ 405.31, 405.32; *Justo v. Indymac Bancorp*, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *11 (C.D. Cal Feb. 19, 2010). In light of the Court's dismissal of Plaintiff's case for lack of subject matter jurisdiction, there is no basis to maintain a lis pendens. Accordingly, the Court **GRANTS** the Wells Fargo's Motion to Expunge the Lis Pendens.

### V.   CONCLUSION

Based on the foregoing, the Court **GRANTS** both Wells Fargo's Motion to Dismiss for lack of subject matter jurisdiction and Wells Fargo's Motion to Expunge the Lis Pendens. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

September 12, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE